**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

KIMBERLYN HEARNS,
                    *Plaintiff-Appellant,*

v.

SAN BERNARDINO POLICE
DEPARTMENT; GARRET ZIMMON;
MICHAEL BILLDT, in his capacity as
Assistant Chief and Patrol
Division Commander of the
SBPD; WESLEY FARMER,
individually and in his capacity as
Captain in the SBPD; MARK
GARCIA, individually and in his
capacity as a Lieutenant in the
SBPD; MARK EMOTO, individually
and in his capacity as a Lieutenant
in the SBPD; MITCHAL KIMBALL,
individually and in his capacity as
a Lieutenant in the SBPD; WALT
GOGGIN, individually and in his
capacity as a Lieutenant in the
SBPD; CRAIG KEITH, individually
and in his capacity as a Narcotics
Sergeant in the SBPD; ERNIE
LEMOS, individually and in his
capacity as an Internal Affairs
Supervisor in the SBPD,
                    *Defendants-Appellees.*

No. 05-56214

D.C. No.
CV-03-01434-SJO

KIMBERLYN HEARNS,
                    *Plaintiff-Appellee,*

                    v.

SAN BERNARDINO POLICE
DEPARTMENT; GARRET ZIMMON;
MICHAEL BILLDT, in his capacity as
Assistant Chief and Patrol
Division Commander of the
SBPD; WESLEY FARMER,
individually and in his capacity as
Captain in the SBPD; MARK
GARCIA, individually and in his
capacity as a Lieutenant in the
SBPD; MARK EMOTO, individually
and in his capacity as a Lieutenant
in the SBPD; MITCHAL KIMBALL,
individually and in his capacity as
a Lieutenant in the SBPD; WALT
GOGGIN, individually and in his
capacity as a Lieutenant in the
SBPD; CRAIG KEITH, individually
and in his capacity as a Narcotics
Sergeant in the SBPD; ERNIE
LEMOS, individually and in his
capacity as an Internal Affairs
Supervisor in the SBPD,
                    *Defendants-Appellants.*

No. 05-56272

D.C. No.
CV-03-01434-SJO

KIMBERLYN HEARNS,
            *Plaintiff-Appellant,*

                v.

SAN BERNARDINO POLICE
DEPARTMENT; GARRET ZIMMON;
MICHAEL BILLDT, in his capacity as
Assistant Chief and Patrol
Division Commander of the
SBPD; WESLEY FARMER,
individually and in his capacity as
Captain in the SBPD; MARK
GARCIA, individually and in his
capacity as a Lieutenant in the
SBPD; MARK EMOTO, individually
and in his capacity as a Lieutenant
in the SBPD; MITCHAL KIMBALL,
individually and in his capacity as
a Lieutenant in the SBPD; WALT
GOGGIN, individually and in his
capacity as a Lieutenant in the
SBPD; CRAIG KEITH, individually
and in his capacity as a Narcotics
Sergeant in the SBPD; ERNIE
LEMOS, individually and in his
capacity as an Internal Affairs
Supervisor in the SBPD,
            *Defendants-Appellees.*

No. 05-56306
D.C. No.
CV-03-01434-SJO

KIMBERLYN HEARNS,
                    *Plaintiff-Appellee,*

               v.

SAN BERNARDINO POLICE
DEPARTMENT; GARRET ZIMMON;
MICHAEL BILLDT, in his capacity as
Assistant Chief and Patrol
Division Commander of the
SBPD; WESLEY FARMER,
individually and in his capacity as
Captain in the SBPD; MARK
GARCIA, individually and in his
capacity as a Lieutenant in the
SBPD; MARK EMOTO, individually
and in his capacity as a Lieutenant
in the SBPD; MITCHAL KIMBALL,
individually and in his capacity as
a Lieutenant in the SBPD; WALT
GOGGIN, individually and in his
capacity as a Lieutenant in the
SBPD; CRAIG KEITH, individually
and in his capacity as a Narcotics
Sergeant in the SBPD; ERNIE
LEMOS, individually and in his
capacity as an Internal Affairs
Supervisor in the SBPD,
                    *Defendants-Appellants.*

No. 05-56324

D.C. No.
CV-03-01434-SJO

OPINION

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted
May 10, 2007—Pasadena, California

Filed July 1, 2008

Before: Andrew J. Kleinfeld and Richard A. Paez,
Circuit Judges, and William T. Hart,* District Judge.

Opinion by Judge Hart;
Partial Concurrence and Partial Dissent by Judge Kleinfeld

---

*The Honorable William T. Hart, United States Senior District Judge
for the Northern District of Illinois, sitting by designation.

## COUNSEL

Letitia E. Pepper, Riverside, California, for the plaintiff in Appeals Nos. 05-56214, 05-56272, and 05-56324.

Leo James Terrell, Beverly Hills, California, for the plaintiff in Appeal No. 05-56306.

James A. Odlum, Mundell, Odlum & Haws, LLP, San Bernardino, California, for defendants in Appeals Nos. 05-56214, 05-56272, 05-56306, and 05-56324.

## OPINION

HART, District Judge:

It is the right and duty of a plaintiff initiating a case to file a "short and plain statement of the claim." Fed. R. Civ. P. Rule 8(a)(2). The district court dismissed Plaintiff Kimberlyn Hearns' 81-page complaint under Rule 8 without prejudice with leave to file an amended complaint. When Hearns filed an amended complaint that was substantially unaltered, the district court dismissed the case with prejudice. Neither complaint warranted dismissal under Rule 8: although each set forth excessively detailed factual allegations, they were coherent, well-organized, and stated legally viable claims. We therefore reverse in appeal No. 05-56214 and remand for further proceedings. Pursuant to Defendant's non-opposition, we also reverse in appeal No. 05-56306. Finally, we dismiss appeals Nos. 05-56272 and 05-56324 as moot.

## I.   PROCEDURAL HISTORY

Plaintiff Kimberlyn Hearns, an African-American male, is a police officer employed by Defendant City of San Bernardino Police Department ("SBPD"). In December 2003, Plain-

tiff filed a complaint against the SBPD and 10 unnamed defendants in which he alleged that he experienced race-based discrimination and retaliation, in violation of 42 U.S.C. §§ 1981, 1983, 1985, and 1986; Title VII, 42 U.S.C. § 2000e *et seq.*; and state law (the "First Case"). The complaint was 81 pages and raised 17 claims.

Defendants moved to dismiss the original complaint in its entirety based on Federal Rule of Civil Procedure 8(a) and alternatively moved to dismiss some claims under Federal Rule of Civil Procedure 12(b)(6). In an order dated June 25, 2004, the district court granted the motion in part, dismissing Plaintiff's complaint without prejudice for failing to comply with Rule 8 and allowing Plaintiff 18 days to file a first amended complaint ("FAC"). The district court did not reach Defendants' Rule 12 arguments.

No FAC was filed within 18 days. In an order dated July 28, 2004, the district court ordered that Plaintiff show cause in writing as to why the case should not be dismissed for lack of diligent prosecution. Plaintiff filed a written response. The attorney who represented him at the time stated in a declaration that she had not received the order of dismissal or the order to show cause. On September 21, 2004, the court granted Plaintiff 18 more days to file the FAC, which was filed on October 4. The FAC is 68 pages in length. It contains the same 17 claims as the original complaint. Although Plaintiff dropped one individual Defendant and removed or shortened some allegations, the 13-page reduction resulted primarily from narrowing the margins.

Defendants moved to dismiss the FAC, again raising Rule 8 and Rule 12(b)(6) arguments. The district court granted the motion to dismiss with prejudice "for failure to obey the June 25 order requiring [plaintiff] to comply with Rule 8(a)." The court also stated "that alternative measures less drastic than dismissal with prejudice would [not] be effective here. *See McHenry [v. Renne]*, 84 F.3d [1172,] 1178 [(9th Cir. 1996)]."

The dismissal order was entered on the docket on February 17, 2005. Although neither party notes this fact, no separate Rule 58 judgment was ever entered on the docket, with the consequence that the order of dismissal did not become a final judgment until 150 days later, on July 18, 2005.[1] Fed. R. Civ. P. 58(b)(2)(B).

Plaintiff's then-attorney informed him that his case had been dismissed with prejudice because "the judge felt the complaint was still too long." She did not recommend any other action. The attorney who represents Plaintiff on this appeal also drafted the original complaint, pursuant to a contract with Plaintiff's original attorney of record. When she learned of the dismissal, she offered to assist Plaintiff and entered her appearance after Plaintiff discharged his original attorney. Believing that more than 30 days had passed since the entry of judgment, Plaintiff's new attorney filed a Rule 60(b)(6) motion seeking relief from dismissal based on prior counsel's misconduct and inaction. In the alternative, Plaintiff requested an extension of time to file a notice of appeal. On April 18, 2005, the district court reopened the case to hear the Rule 60(b)(6) motion.

While Plaintiff's motion for relief from the dismissal of the First Case was pending, he filed a second lawsuit against the SBPD and 10 unnamed defendants, alleging that he experienced retaliation for filing the first lawsuit, in violation of Title VII (the "Second Case"). The Second Case was transferred to the same judge who was presiding over the First Case. Thereafter, the court *sua sponte* consolidated the two cases.

In an Order entered on the docket on August 1, 2005, the district court denied the Rule 60(b) motion because Plaintiff had not shown that his former attorney was grossly negligent. Accordingly, the district court denied Defendants' motion for

---

[1]The 150th day was Sunday, July 17.

discovery as moot. The court found, however, that because prior counsel had advised Plaintiff not to appeal, failed to inform him how to preserve his right to appeal, and delayed in turning over the case file, good cause existed for extending the time to appeal. Accordingly, the court entered an order granting a 10-day extension. Four days after the entry of this Order, Plaintiff filed a notice of appeal, No. 05-56214, challenging the original dismissal and the denial of his Rule 60(b)(6) motion.

On August 11, 2005, Defendants filed a motion for post-judgment relief seeking reconsideration of the extension of time to appeal, contending they did not have an adequate opportunity to file an opposition to that part of Plaintiff's Rule 60(b) motion. On August 19, the court denied the motion. In that Order, the court also stated:

> Finally, the Court originally calendared a scheduling conference for August 22, 2005 in the [Second Case]. However, the [Second case] and [First case] were already consolidated for all purposes including trial. See Order of July 29, 2005. Accordingly, the entire matter is now up on appeal. The scheduling conference is hereby taken OFF CALENDAR. There are no matters pending before this Court in this case. The clerk is hereby ordered to close the file.

On August 19, Defendants filed a notice of cross-appeal, No. 05-56272, from the August 1 Order, in which they challenged the grant of an extension of time for Plaintiff to appeal. On August 30, 2005, Defendants filed a second notice of appeal, No. 05-56324, from the denial of their motion to reconsider.

Plaintiff then filed an application to sever the two cases and to reinstate the Second Case. Although Defendants did not oppose Plaintiff's request, the district court denied the application because "the allegations in each Complaint stem from

a common nexus of facts and involve the same parties." The court did not expressly address Plaintiff's reinstatement request. On August 25, Plaintiff filed a notice of appeal, No. 05-56306, from the portion of the August 19 Order directing that the Second Case be closed. At oral argument, the SBPD informed the court that it does not oppose this appeal. We therefore vacate the district court's dismissal of the Second Case and remand for further proceedings.

## II. DEFENDANTS' APPEALS

In No. 05-56272, Defendants contend that the district court abused its discretion in extending the time for Plaintiff to appeal and seek reversal of the August 1, 2005 Order.

Defendants' argument lacks merit because no extension of time was ever needed. Because no separate Rule 58 judgment was entered for the February 17, 2005 Order dismissing the FAC, the window for appealing that decision did not begin to run on that date. Pursuant to Federal Rule of Civil Procedure 58(b)(2)(B), the appeal period began to run 150 days later, on July 18, 2005. *See Stephanie-Cardona LLC v. Smith's Food & Drug Ctrs., Inc.*, 476 F.3d 701, 704 (9th Cir. 2007). *See also* Fed. R. App. P. 4(a)(7)(A)(ii). Plaintiff therefore had at least 30 days thereafter (August 17, 2005) in which to appeal this order, *see* Fed. R. App. P. 4(a)(1), and in fact actually filed his notice of appeal prior to that date.[2]

---

[2]Alternatively, we would find Plaintiff's August 5th notice of appeal timely under Federal Rule of Appellate Procedure 4(a)(4)(A)(iv) and (vi) because he filed his motion for post-judgment relief within ten days of the judgment becoming final on July 18, 2005—indeed, he filed the motion before that date. Construing Plaintiff's motion as seeking relief under either Federal Rule of Civil Procedure 59 or 60(b), that motion tolled the time period for filing the notice of appeal. *See Shapiro v. Paradise Valley Unified Sch. Dist. No. 69*, 374 F.3d 857, 863 (9th Cir. 2004); *Miller v. Marriott Int'l, Inc.*, 300 F.3d 1061, 1063-64 (9th Cir. 2002).

We finally note that, although neither party has raised this issue, the district court never docketed in the First Case the August 1, 2005 Order denying Plaintiff's motion for post-judgment relief and extending the time to appeal in the First Case. This failure is of no consequence, however, because the parties have effectively waived the entry requirement by treating the order as an appealable judgment. *See Calhoun v. United States*, 647 F.2d 6, 10-11 (9th Cir. 1981), *overruled on other grounds*, *Acosta v. Louisiana Dep't of Health & Human Res.*, 478 U.S. 251 (1986); *see also Bankers Trust Co. v. Mallis*, 435 U.S. 381, 382, 387-88 (1978).

Because no extension of time to appeal the order dismissing the First Case was required, we therefore dismiss Defendants' two appeals, Nos. 05-56272 and 05-56324, as moot.

### III.   DISMISSAL OF THE FIRST CASE

[1] We turn now to the merits of the February 17, 2005 Order dismissing the First Case. Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss a complaint with prejudice for failure to comply with Rule 8(a). *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981). We review a Rule 41(b) dismissal for abuse of discretion. *Id.* at 674 (citing *Schmidt v. Hermann*, 614 F.2d 1221, 1224 (9th Cir. 1980)). To do so, we must necessarily consider the legal question of whether the district court correctly dismissed without prejudice the original complaint on Rule 8 grounds. *See Koon v. United States*, 518 U.S. 81, 100 (1996) ("A district court by definition abuses its discretion when it makes an error of law." (citation omitted)); *In re Dominguez*, 51 F.3d 1502, 1508 n.5 (9th Cir. 1995).

As regards the application of Federal Rule of Civil Procedure 8(a), the original complaint and the FAC are essentially identical. The FAC is 68 pages long. The first four pages name and identify Plaintiff and 10 Defendants. The next 42 pages, captioned "Factual Background," relate Plaintiff's 17-

year history as a police officer and sergeant. The remaining 22 pages allege 17 different federal and state claims, clearly identifying each claim and each Defendant named in a particular claim. Other than the hostile workplace claim, no claim is more than nine paragraphs.

On appeal, Defendants do not attempt to identify particular allegations as immaterial or unnecessary. They do not assert that the complaint fails to set forth cognizable causes of action, that the legal theories are incoherent, or that they cannot tell which causes of action are alleged against which Defendants. They simply object that the complaint provides too much factual detail. The part that has been attacked as prolix is the Factual Background section, reciting Plaintiff's education, military service, training, promotion and demotion history, and discrimination incidents. We reject Defendants' argument and conclude that neither complaint violated Rule 8(a).

We affirmed a district court's dismissal on Rule 8 grounds in *McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996). Not only was the first complaint at issue in that case lengthy; it set out its claims in two sentences, which comprised 30 lines, without specifying which of the 20 named defendants were liable for which claims. *Id.* at 1174. To make matters worse, in response to the district court's order to file an amended complaint " 'which clearly and concisely explains which allegations are relevant to which defendants,' " the plaintiffs filed an amended complaint that was longer than the first complaint. *Id.* (quoting district court's order). The district court then gave the plaintiffs a final opportunity to file a proper complaint " 'which states clearly how each and every defendant is alleged to have violated plaintiffs' legal rights. . . . [P]laintiffs would be well advised to edit or eliminate their twenty-six page introduction and focus on linking their factual allegations to actual legal claims.' " *Id.* at 1176 (quoting district court's order). We affirmed the district court's dismissal of the final amended complaint, which we described as "argu-

mentative, prolix, replete with redundancy, and largely irrele-
vant," *id.* at 1177, noting that "[o]nly by months or years of
discovery and motions [could] each defendant find out what
he is being sued for," *id.* at 1178. Considering Rule 41(b), we
concluded that the district court had not abused its discretion
because it had already given the plaintiffs multiple opportuni-
ties to comply, along with specific instructions on how to cor-
rect the complaint. *Id.* at 1178-79.

In *Nevijel*, 651 F.2d 671, we upheld a Rule 8(a) dismissal
of a 48-page complaint that contained an additional 23 pages
of addenda and exhibits. The complaint was characterized as
" 'verbose, confusing and almost entirely conclusory.' " *Id.* at
674. After the district court dismissed the original complaint
without prejudice, the plaintiff filed a late amended complaint
that "named additional defendants without leave of court, and
was equally as verbose, confusing and conclusory as the ini-
tial complaint." *Id.* We found no abuse of discretion because
the district court provided "reasonable opportunities and alter-
natives" before dismissing with prejudice; in light of the fact
that the plaintiff offered no excuse for the late filing and
utterly failed to comply with the district court's order, there
was no reason to think that an additional opportunity would
yield different results. *See id.*

In *Schmidt*, the complaint was 30 pages long. It was "im-
possible to designate the cause or causes of action attempted
to be alleged in the complaint." 614 F.2d at 1223. The com-
plaint was described as a "confusing statement of a non-
existing cause of action" and as "confusing, distracting,
ambiguous, and unintelligible." *Id.* at 1224. Additionally, the
complaint's conclusory allegations did not satisfy the height-
ened pleading requirement for averments of fraud. *Id.* The
Ninth Circuit upheld the dismissal of the action following two
amendments of the original complaint. *Id.* at 1223-24.

In *Gillibeau v. City of Richmond*, 417 F.2d 426, 431-32
(9th Cir. 1969), one of the claims named seven defendants. As

to only one of these defendants, that claim was dismissed for failing to comply with Rule 8(a)(2). This court reversed the dismissal based on Rule 8(a)(2). In doing so, this court stated that "a dismissal for a violation under Rule 8(a)(2), is usually confined to instances in which the complaint is so 'verbose, confused and redundant that its true substance, if any, is well disguised.' " *Id.* at 431 (quoting *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965)). The claim at issue did not satisfy those criteria.

Defendants cite a 1964 decision of this court which upheld the dismissal of a 55-page complaint for violating Rule 8(a) and the subsequent dismissal of the case when the plaintiff failed to file any new pleading by two and one-half months after the date set for filing an amended complaint. *See Agnew v. Moody*, 330 F.2d 868, 870-71 (9th Cir. 1964). That case provides only a brief statement of the holding that the complaint did not comply with Rule 8(a).

> The complaint was dismissed as to the arresting officers for failure to satisfy the requirement of Rule 8(a) that it contain 'a short and plain statement of the claim.' Although the elements and factual context of appellant's claim for relief were simple, the complaint extended over fifty-five pages, excluding the prayer and exhibits. Making full allowance for whatever additional verbiage appellant might be permitted in view of the many decisions emphasizing the need for specificity in pleadings under the Civil Rights Act (*Stiltner v. Rhay*, 322 F.2d 314, 316 n.4 (9th Cir. 1963)), the district court was entirely justified in holding that the complaint did not comply with Rule 8(a), and in ordering appellant to replead.

*Id.* at 870.

**[2]** Unlike the facts here, the plaintiff in *Agnew* never filed an amended complaint as had been ordered. *Agnew* cannot

fairly be read as holding that excessive length, by itself, is a sufficient basis for finding a violation of Rule 8(a). Two Ninth Circuit cases decided shortly after *Agnew* characterize the holding of *Agnew* as being limited to a complaint that is "so verbose, confused and redundant that its true substance, if any, is well disguised." *Gillibeau*, 417 F.2d at 431; *Corcoran*, 347 F.2d at 223. *Agnew* has never been cited by this court as standing for the proposition that a complaint may be found to be in violation of Rule 8(a) solely based on excessive length, nor does any other Ninth Circuit case contain such a holding.

**[3]** Decisions from other circuits are also consistent with the view that verbosity or length is not by itself a basis for dismissing a complaint based on Rule 8(a). *See Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004) (holding that district court erred in dismissing on Rule 8 grounds when the complaint, though long, was not "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised" (internal quotation omitted)); *Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Some complaints are windy but understandable. Surplusage can and should be ignored."); *Mann v. Boatwright*, 477 F.3d 1140, 1148 (10th Cir. 2007) (affirming Rule 8 dismissal when it was impossible to "separate the wheat from the chaff" in the complaint and because "[i]t was not the district court's job to stitch together cognizable claims for relief from the wholly deficient pleading").

**[4]** By contrast, the complaint at issue here was not "replete with redundancy and largely irrelevant." *Cf. McHenry*, 84 F.3d at 1177. It set out more factual detail than necessary, but the overview was relevant to Plaintiff's causes of action for employment discrimination. Nor was it "confusing and conclusory." *Cf. Nevijel*, 651 F.2d at 674. The complaint is logically organized, divided into a description of the parties, a chronological factual background, and a presentation of enumerated legal claims, each of which lists the liable Defendants

and legal basis therefor. The FAC and the original complaint contain excessive detail, but are intelligible and clearly delineate the claims and the Defendants against whom the claims are made. These facts distinguish this complaint from the ones that concern the dissent. Here, the Defendants should have no difficulty in responding to the claims with an answer and/or with a Rule 12(b)(6) motion to dismiss.

**[5]** The district court also has ample remedial authority to relieve a defendant of the burden of responding to a complaint with excessive factual detail. One option would have been to simply strike the surplusage from the FAC. *See Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995); *Fallon v. U. S. Gov't*, No. CIV S-06-1438, 2007 WL 707531, *2 (E.D. Cal. March 6, 2007); *Grayson v. Schriro*, No. CIV 05-1749, 2007 WL 91611, *3 (D. Ariz. Jan. 11, 2007) (quoting *Marshall v. United Nations*, No. CIV S-05-2575, 2006 WL 1883179, *3 (E.D. Cal. July 6, 2006)). Many or all of the paragraphs from 33 through 207 of the FAC, covering 38 pages, could have been stricken. Alternatively, the judge could have excused Defendants from answering those paragraphs.

**[6]** Because dismissal with prejudice is a harsh remedy, our precedent is clear that the district court "should first consider less drastic alternatives." *McHenry*, 84 F.3d at 1178. In weighing possible alternatives against the consequences of dismissal with prejudice, the district court should consider, for example, whether "public policy strongly favor[s] resolution of this dispute on the merits." *Dahl v. City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir. 1996). The court should also consider whether "dismissal [would] severely penalize[ ] plaintiffs . . . for their counsels' bad behavior." *Id.* at 366; *cf. Al-Torki v. Kaepmen*, 78 F.3d 1381, 1383-85 (9th Cir. 1996) (affirming dismissal with prejudice when plaintiff's own conduct violated court orders). Even when the litigant is the one actually responsible for failure to comply with a court's order, which evidence before the court did not show is the situation here, "[t]he sanction of dismissal should be imposed only if

the deceptive conduct is willful, in bad faith, or relates to the matters in controversy in such a way as to interfere with the rightful decision of the case." *United States v. Nat'l Med. Enters., Inc.*, 792 F.2d 906, 912 (9th Cir. 1986) (citations omitted); *see also Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1430 (9th Cir. 1987) (noting that even in light of party's misconduct, district court should generally consider alternatives to dismissal with prejudice).

**[7]** The district court abused its discretion by imposing the sanction of dismissal with prejudice instead of imposing a less drastic alternative. Plaintiff's complaints were long but intelligible and allege viable, coherent claims. Because we conclude that the district court abused its discretion in dismissing with prejudice, we need not reach the merits of the Rule 60(b) motion based on former counsel's alleged misconduct.

In the district court, Defendants also raised Rule 12(b)(6) grounds for dismissal of some claims. Those grounds were not addressed by the court nor are they raised here. On remand, the district court may address the Rule 12(b)(6) issues before requiring an answer to the FAC. As indicated above, the district court may also consider striking surplusage from the FAC or not requiring Defendants to answer all paragraphs of the FAC.

**[8]** In No. 05-56214, we vacate the dismissal order and remand for further proceedings.

## IV.   *THE SECOND CASE DISMISSAL*

The parties again fail to note that the district court never entered a separate Rule 58 judgment dismissing the Second Case. Regardless, the parties have treated the August 19, 2005 Order as a final appealable judgment and Plaintiff filed his notice of appeal well within the time permitted. *See* Fed. R. App. P. 4(a)(1), 4(a)(7)(A)(ii). Appeal No. 05-56306 is therefore properly before us. As that appeal is not opposed by

SBPD, the only named Defendant, we remand the Second Case for reinstatement and further proceedings.

## V. CONCLUSION

In No. 05-56214, the order of dismissal is VACATED and REMANDED for further proceedings consistent with this opinion. In No. 05-56306 the matter is REMANDED with instructions to reinstate the case. Appeals Nos. 05-56272 and 05-56324 are DISMISSED as moot.

---

KLEINFELD, Circuit Judge, concurring in part and dissenting in part:

There are two cases before us, one filed by Hearns in 2003, and one filed in 2005. I concur in the reversal and remand in the 2005 case, and dissent in the 2003 case. We are all agreed that Hearns's 2005 complaint should not have been dismissed. My dissent, therefore, has no bearing on whether Hearns may proceed with his case. The important issue is whether district courts may apply Federal Rule of Civil Procedure 8 and our precedent.

The district court, granting the motion to dismiss in the 2003 case, carefully explained that the court was acting pursuant to Federal Rule of Civil Procedure 8(a) as construed in our decisions *Nevijel v. North Coast Life Insurance*[1] and *McHenry v. Renne*.[2] The panel does not follow these authorities, even though they are binding circuit law. The district court exercised its discretion to dismiss only after giving plaintiff numerous opportunities to cure not only the pleading defect but also other defects, and providing the plaintiff with guidance about what was wrong with the complaint. The district

---

[1]651 F.2d 671 (9th Cir. 1981).
[2]84 F.3d 1172 (9th Cir. 1996).

court's liberality was repaid with contumaciousness and evasion. The plaintiff filed an amended complaint distinguished from the dismissed version only by smaller margins.[3]

The majority opinion recites but does not actually apply the standard of review for dismissal under Rule 8, abuse of discretion.[4] The majority offers no authority and no reason for its extraordinary holding, that the district court should have stricken "[m]any or all of the paragraphs from 33 through 207" or excused defendants from answering them. The closest it comes is a Second Circuit case addressing a 4 ½ page pro se complaint, not an 81 page counseled compliant.[5] The majority errs by holding that district courts have the duty (not merely the discretion) to "relieve a defendant of the burden of responding to a complaint with excessive factual detail" and should "simply strike the surplusage from" faulty complaints.[6] One might suppose that this jurisprudential surprise would occur in a pro se case, but this is a counseled case, in which plaintiff has had at least three attorneys of record.

The many additional authorities cited in the majority opinion largely uphold dismissals and none of them uphold the new rule announced by the panel, the citations in the majority opinion being more in the nature of decorations than applications of law.[7]

---

[3]There were negligibly minor revisions and four fewer averments.

[4]*McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).

[5]*Simmons v. Abruzzo*, 49 F.3d 83, 85 (2d Cir. 1995).

[6]Majority Opinion p.7887.

[7]*See Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004); *Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003); *Mann v. Boatwright*, 477 F.3d 1140, 1148 (10th Cir. 2007); *McHenry v. Renne*, 84 F.3d 1172, 1176-79 (9th Cir. 1996); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981); *Schmidt v. Hermann*, 614 F.2d 1221, 1223-24 (9th Cir. 1980); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431-32 (9th Cir. 1969); *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965); *Agnew v. Moody*, 330 F.2d 868, 870 (9th Cir. 1964).

*Facts.*

A comprehensive factual recount shows why the district court reasonably exercised its discretion to dismiss Hearns's complaint.

The original complaint is 81 pages long, much longer than we allow appellate briefs to be. It has 336 separate averments of events spanning more than a decade (and setting out many alleged wrongs for which the statute of limitations would bar claims, as well as Title VII claims against fellow employees rather than the employer, plainly barred by law).[8] It is very hard to understand. Even the chronology is hard to follow because the events are not set out in any logical order, chronological or otherwise. The claims do not start until page 57, after a lengthy, largely irrelevant and entirely unnecessary history of Hearns's life and work, and the many wrongs committed against him and others at work.

In 2005, a different lawyer filed a different complaint, alleging substantially the same history and claims plus a retaliation claim. By contrast with the 2003 complaint and amended complaint, the 2005 complaint is clear and concise, 9 pages instead of 81, and 39 averments instead of 336. Were there the slightest doubt whether the case lent itself to a clear and concise pleading, the well pleaded 2005 case would eliminate the doubt.

The complaint and amended complaint in the 2003 case are not just prolix and largely unnecessary to the "short and plain statement of the claim[s]" required by Rule 8(a)(2), but are also very difficult to read because of odd rhetorical devices. For example, instead of calling defendants "defendants," or using their names where the averments and claims distinguish them, it calls them the "GOBN," defining this acronym (which one must memorize to read the complaint) as the

---

[8]*See* 42 U.S.C. § 2000e-2(a).

"Good Ole Boys Network" (plaintiff is male, and does not allege sex discrimination).

The district judge, in dismissing the 2003 complaint, explained that "the complaint is unnecessarily long, even given that it contains seventeen legal claims." The factual section is "over 50 pages long, and includes many details that are not necessary in order to give Defendants notice of the allegations of racial discrimination at issue here. For example, plaintiff need not have inserted entire email exchanges into the complaint . . . in order to give Defendants notice that Plaintiff was alleging a hostile relationship between himself" and a particular supervisor. Nor did the averment about some coworker's alleged rapes have much to do with Hearns's claims. The district court aptly noted that "such specificity at the initial pleading stage is unduly cumbersome to Defendants' ability to timely answer the complaint."

On June 25, 2004, the district court gave plaintiff 18 days to file an amended complaint or else have the action dismissed for failure to prosecute under Rule 41(b). Two weeks after this deadline passed, instead of dismissing the case, the court issued an order to show cause why the action should not be dismissed. Again, no response.

Plaintiff did not file anything until two and a half months after the dismissal without prejudice, long after the deadline on the order to show cause. Counsel claimed (but did not swear or declare under penalty of perjury) that she "did not become aware until Sunday, 9/5/04" of either order. She requested another 18 days to file an amended complaint. Meanwhile, she had been quoted in a newspaper accusing defendants of racial harassment perpetrated by the GOBN.

The court expressed skepticism about counsel's unsworn claim that she had not received the orders, and noted that the record showed that both documents were mailed to counsel at her present law office address, but gave her the 18 days she

asked for anyway. Though she filed the amended complaint within 18 days, she did not make any substantive changes. She instead used narrower margins to cut the number of pages. The amended complaint rambled on in the same prolix way about the GOBN, about how those blacks and other minorities who were not mistreated were "tools" and "decoys," and claimed that promotions went to WTW's. This acronym was defined as "who they want." The amended complaint has about the same number of words as the initial complaint.

This case was not just a counseled case rather than a pro se case, but also it was a counseled case in which the plaintiff as well as his attorney bore personal responsibility for the defiance of Rule 8 and of the court order. Hearns's lawyer, Danuta Tuszynska, gave defense counsel an affidavit which was filed, stating that a contract attorney, Letitia Pepper, had actually drafted the original complaint. Tuszynska said in her sworn statement that "[a]fter the court's order granting the first motion to dismiss, I advised plaintiff that we needed to shorten the pleading, but he refused. Instead he urged me to *lengthen* the first amended complaint by adding additional parties, which I declined to do." Tuszynska shortened the complaint from 81 pages down to 68 pages, but not by cutting what the judge had said to cut. She just deleted four of the 336 averments and made the margins narrower.

Granting a motion to dismiss the amended complaint, this time with prejudice, the judge explained that he "thoroughly compared the [First Amended Complaint] to the complaint and conclude[d] that they include nearly all of the same factual and legal allegations. Hearns . . . made no genuine effort to comply with the June 25 order. Hearns' factual allegations remain grossly excessive, and in certain parts, repetitive and immaterial. It is clear that Hearns' [First Amended Complaint] has not cured the pleading deficiencies discussed in the June 25 order." The district court expressly considered sanc-

tions other than dismissal with prejudice, but rejected them because of the history:

> The court does not believe that alternative measures less drastic than dismissal with prejudice would be effective here. *See McHenry*, 84 F.3d at 1178. The court has already given Hearns leave to amend to comply with Rule 8(a), which he failed to do. Moreover, when Hearns' counsel claimed not to have received the June 25 order or the July 28, 2004 Order to Show Cause why his case should not be dismissed for failure to amend within the time allotted by the court, the court extended the time to file a [First Amended Complaint], even though it was 'extremely coincidental' that Hearns' counsel did not receive two court documents mailed from the Clerk of the Court to her present law office address.

After the dismissal of the amended complaint, Hearns substituted Tuszynska's contract attorney, Letitia Pepper, as his new counsel. Pepper missed what she understood to be the appeal deadline, and blamed it on Hearns's first lawyer, Tuszynska. Pepper sought an extension of time to file an appeal because of Tuszynska's "gross negligence and/or egregious misconduct." According to Pepper, Tuszynska delayed in releasing Hearns's files, failed to convey messages to Hearns about Pepper's willingness to help Tuszynska with the First Amended Complaint, and failed to timely appeal the dismissal order. Pepper also blamed the delay on a falling out between herself and Tuszynska that arose from when Tuszynska initially represented Pepper after she was arrested for dog theft (no charges were filed) and Tuszynska abruptly ended the representation.

## Analysis

Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is

entitled to relief." Subsection 8(d)(1) requires that "[e]ach allegation *must* be simple, concise and direct."[9] Rule 84 provides that "[t]he forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." The forms in the Appendix for complaints range from three to eight averments, none requiring more than a few pages after the caption, even for such complex matters as patent infringement, copyright infringement and unfair competition, and interpleader and declaratory relief.

"We review dismissal of a complaint with prejudice for failure to comply with a court's order to amend the complaint to comply with Rule 8 for abuse of discretion."[10] "The district judge's evaluation of whether the plaintiff complied with his order is entitled to considerable weight."[11] I cannot see that the majority opinion gives any weight, much less "considerable weight," to the district judge's evaluation.

We have for decades upheld dismissals with prejudice of needlessly prolix and confusing complaints, after plaintiff failed to take advantage of an invitation to cure the defects in an amended complaint.[12] So have our sister circuits.[13] Federal courts not infrequently exercise discretion not to dismiss with prejudice rambling complaints by pro se litigants who are not

---

[9]Emphasis added.

[10]*McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).

[11]*Id.*

[12]*See Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981); *Schmidt v. Hermann*, 614 F.2d 1221, 1223-24 (9th Cir. 1980); *Agnew v. Moody*, 330 F.2d 868, 871 (9th Cir. 1964).

[13]*Keul v. FDIC*, 8 F.3d 905 (1st Cir. 1993); *In re Westinghouse Secs. Litigation*, 90 F.3d 696 (3rd Cir. 1996); *Smith v. Intn'l Longshoremen's Ass'n, AFL-CIO, Local No. 333*, 592 F.2d 225 (4th Cir. 1979); *Collier v. First Michigan Coop. Housing Ass'n*, 274 F.2d 467 (6th Cir. 1960); *Garst v. Lockheed Martin Corp.*, 328 F.3d 374 (7th Cir. 2003); *Koll v. Wayzata State Bank*, 397 F.2d 124 (8th Cir. 1968); *Ausherman v. Stump*, 643 F.2d 715 (10th Cir. 1981); *McCann v. Clark*, 191 F.2d 476 (D.C. Cir. 1951).

likely to be able to plead any more clearly.[14] "Conversely, the federal courts are far less charitable when one or more amended pleadings already have been filed with no measurable increase in clarity."[15]

I now turn to the earlier of the two cases upon which the district judge based his decision, *Nevijel v North Coast Life Insurance Company*.[16] As in the case before us, the district court dismissed with prejudice, after first giving the plaintiff an opportunity to amend. We affirmed, holding that in appropriate circumstances "[a] complaint which fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to rule 41(b),"[17] and that such a dismissal will be overturned on appeal "only" if the district court abused its discretion.[18] The circumstances in that case resembled those in the case at bar, except that the complaint in *Nevijel* was nowhere near as verbose and confusing as the one in this case, nor did the plaintiff in *Nevijel* sneak around the court's instructions in the earlier dismissal by word processor manipulation.

Fifteen years later, in *McHenry v. Renne*,[19] we followed our holding in *Nevijel*. We upheld a dismissal with prejudice of a civil rights complaint a fraction of the length of the one in the case before us, and comparably confusing. The majority's ground for not following *McHenry* is that among the many faults with the complaint, one could not figure out which defendants were being sued on which claims. That is not much of a distinction, considering the hours it would take to prepare an outline of the complaint in the case before us, nor

---

[14]5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1217 (3d ed. 2004).

[15]*Id.*

[16]651 F.2d 671 (9th Cir. 1981).

[17]*Id.* at 673.

[18]*Id.* at 674.

[19]84 F.3d 1172, 1177 (9th Cir. 1996).

was that the issue on which *McHenry* turned. As in the case before us, the complaint in *McHenry* "read[ ] like a magazine story instead of a traditional complaint."[20]

We held in *McHenry* that the Federal Rules "require," not merely suggest, that complaints be "simple, concise and direct,"[21] and pointed out that Rule 84 and the Appendix of Forms illustrated the "simplicity and brevity" contemplated by Rule 8.[22] As in the case before us, the complaint in *McHenry* was "argumentative, prolix, replete with redundancy, and largely irrelevant."[23] We took special note that "[n]one of this material has any resemblance to the sample pleadings in the Appendix of Forms," and rather than set out the claims, "the pleading seems designed to provide quotations for newspaper stories."[24]

True, dismissal with prejudice is a harsh remedy. But so is the failure to dismiss with prejudice, where such a dismissal is appropriate. The harshness and injustice of failure to dismiss falls not only on courts, but also on defendants and litigants in other cases. As we explained in *McHenry*, complaints like this one require the judge in effect to draft a proper complaint in chambers, a task likely to take at least half a day. The majority thinks the judge ought to have trudged through the 81 pages, 336 averments with a red pen, striking averments or drafting an order telling defendants when averments did not need to be answered. Indeed, in this case, that is just what the majority says the district judge should have done, as though the judge should have been Hearns's fourth lawyer in this case. By contrast with the hours of effort the majority imposes on the district judge, all Hearns's lawyer evidently had to do

---

[20]*Id.* at 1176.

[21]*McHenry*, 84 F.3d at 1177.

[22]*Id.* at 1177.

[23]*Id.*

[24]*Id.* at 1178.

was a "select all" and narrow the margins on her word processor.

Failure to dismiss reeks of unfairness to defendants. The defendants are put to the expense of a far more extensive pretrial process, and in all likelihood a far lengthier trial requiring expensive preparation on all sorts of irrelevancies, leaving as detritus the uncertainty about how to apply res judicata to whatever was adjudicated, if the plaintiff sues again.

> Prolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges. As a practical matter, the judge and opposing counsel, in order to perform their responsibilities, cannot use a complaint such as the one plaintiffs filed, and must prepare outlines to determine who is being sued for what. Defendants are then put at risk that their outline differs from the judge's, that plaintiffs will surprise them with something new at trial which they reasonably did not understand to be in the case at all, and that res judicata effects of settlement or judgment will be different from what they reasonably expected. "[T]he rights of the defendants to be free from costly and harassing litigation must be considered." *Von Poppenheim [v. Portland Boxing and Wrestling Comm'n*, 442 F.2d 1047, 1054 (9th Cir. 1971)].

> The judge wastes half a day in chambers preparing the "short and plain statement" which Rule 8 obligated plaintiffs to submit. He then must manage the litigation without knowing what claims are made against whom. This leads to discovery disputes and lengthy trials, prejudicing litigants in other case who follow the rules, as well as defendants in the case in which the prolix pleading is filed. "[T]he rights of litigants awaiting their turns to have other matters resolved must be considered. . . ." *Nevijel*, 651 F.2d

at 675; *Von Poppenheim*, 442 F.2d at 1054. While commendable in its consideration for plaintiffs in this case, the magistrate's thorough analysis and thirty-page report, and the judge's study of the report, took a great deal of time away from more deserving litigants waiting in line.[25]

A complaint with hundreds of averments generates tens of thousands of dollars in discovery and motions expenses. Even answering the complaint is an expensive and unjustified burden, because Rule 8(b) requires the defendants to state their defenses to "each" claim, and worse, in a complaint with hundreds of averments, to "admit or deny the allegations asserted against it by an opposing party."[26] One experienced in litigation knows how time consuming for the lawyer and expensive for the client it is to search out documents and personnel and get people on the phone, in order to file a good faith answer to hundreds of averments. The majority's claim that "[d]efendants should have no difficulty in responding to the claims with an answer and/or with a Rule 12(b)(6) motion to dismiss" assumes days of associates' time available and an unlimited litigation budget.

Failure to dismiss with prejudice, as we explained in *McHenry*, also imposes injustices on other litigants waiting in line for the district court's time. No doubt judges feel that they are doing a fine and charitable thing when they devote a great deal of time to an incompetently pleaded complaint, trying to turn a sow's ear into a silk purse.

The feeling of compassion, though, may be unjustified. The judge who does what the majority opinion says he ought to do with a complaint that violates Rule 8 is like a clerk in a grocery store displaying warmth and friendliness by chatting with the customer at the register, while a half dozen others stand

---

[25]*McHenry*, 84 F.3d at 1179-80.

[26]Fed. R. Civ. Pro. 8(b)(1).

seething in the slow line. The district court owes it to the other litigants in other cases as well as to the defendants to husband its resources for cases that are properly pleaded.

None of our disagreement goes to whether Hearns may litigate his civil rights claim. We are all agreed that dismissal of the 2005 complaint was indeed an abuse of discretion. The only reason I can see for why the district court dismissed that complaint was that it could hardly be seen, under the huge pile of garbage dumped on the court by the complaint and amended complaint in the 2003 case. What our dispute is about is whether the mandatory language of Rule 8 shall be followed, and whether a panel shall follow the binding precedents of our own court. Today's majority decision means that a district judge who conscientiously applies the rule and follows our precedents in *Nevijel* and *McHenry* cannot count on us to do the same.