NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MALI CHAGBY, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff - Appellant,<br><br>  v.<br><br>TARGET CORPORATION, and its wholly owned subsidiaries TARGET STORES, TARGET FINANCIAL SERVICES, TARGET BRANDS TARGET.COM,<br><br>       Defendants - Appellees. | No. 09-55326<br><br>D.C. No. 2:08-cv-04425-GHK-PJW<br><br><br>MEMORANDUM [*] |

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Submitted August 28, 2009 [**]
San Francisco, California

Before: BEEZER, HALL and T.G. NELSON, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiff-appellant Mali Chagby appeals the district court's grant of a Fed. R. Civ. P. 12(b)(6) motion to dismiss in favor of defendant-appellees Target Corporation and its wholly-owned subsidiaries (collectively "Target") and the district court's dismissal of Chagby's entire complaint. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's grant of a motion to dismiss for failure to state a claim. *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1061 (9th Cir. 2004). We may affirm on any ground supported by the record. *See Orsay v. U.S. Dep't of Justice*, 289 F.3d 1125, 1132 (9th Cir. 2002). We review a district court's dismissal of a complaint for abuse of discretion. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1129 (9th Cir. 2008). We affirm.

The facts of the case are known to the parties. We do not repeat them below.

**I**

The district court properly dismissed Chagby's 18 U.S.C. § 1962(c) RICO claim for failing to sufficiently allege an enterprise, the requisite predicate acts and that those acts caused injury to Chagby's business or property. Chagby's arguments that the district court erred in its analysis are unpersuasive, and so we affirm.

**A**

The district court held that Chagby had insufficiently alleged an enterprise between Target and its advertising agency because Chagby did not properly plead a "common purpose" and an "ongoing organization," as required in this Circuit. *See Odom v. Microsoft Corp.*, 486 F.3d 541, 552 (9th Cir. 2007) (en banc). Chagby's pleadings on both elements are conclusory and merely identify the correct legal labels, rather than alleging facts to support liability.

Chagby's alternative theory that an enterprise existed between Target Corporation and its wholly-owned subsidiaries fails to meet the distinctiveness requirement of civil RICO claims. *See, e.g.*, *Living Designs Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005).

We refuse to embrace Chagby's assertion that we should infer an enterprise from the alleged predicate acts. The failure to include "+CRV" language in advertising circulars does not create an obvious inference of fraud, much less an inference that an enterprise was established to propagate that fraud.

**B**

The district court concluded that Chagby failed to allege the predicate acts of mail and wire fraud with sufficient particularity. *See* Fed. R. Civ. P. 9(b). The allegations in Chagby's complaint are cursory and fail to identify the responsible

3

parties, the exact nature of their involvement and how the mail and wires were used. The mere inclusion of "false" advertisements in the complaint does not render Target able to "prepare an adequate answer from the allegations," the main purpose of Fed. R. Civ. P. 9(b). *Odom*, 486 F.3d at 553 (internal quotations omitted).

## C

The district court concluded that Chagby failed to allege that Target's actions had caused injury to Chagby's business or property. The $.96 fee that Chagby paid was properly charged by Target under California law. It does not amount to a cognizable injury for the purposes of a RICO claim because Chagby paid the correct amount and was not overcharged.

## II

The district court correctly dismissed Chagby's derivative RICO claims. Chagby's other RICO claims included conspiracy, respondeat superior and aiding and abetting claims. Chagby's § 1962(d) conspiracy claim was properly dismissed because the designs of the alleged conspiracy would not have violated RICO. *See Howard v. Am. Online, Inc.*, 208 F.3d 741, 751 (9th Cir. 2000). Her respondeat superior and aiding and abetting claims were also properly dismissed because those claims cannot stand in the absence of a properly pleaded RICO claim.

## III

Chagby's entire complaint was dismissed for violating the Fed. R. Civ. P. 8(a) requirement of a "short and plain statement." Chagby waived this issue on appeal by failing to contest the dismissal in her opening brief and by giving it only cursory treatment in her reply brief. *See Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1111 n.1 (9th Cir. 2000) (en banc) (noting that the Ninth Circuit "consistently regard[s] issues raised for the first time in reply briefs as waived"), *rev'd on other grounds*, 535 U.S. 391 (2002).

**AFFIRMED.**