**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEREK SALAZAR, individually, | No. 12-56545 |
| Plaintiff - Appellant, | D.C. No. 8:11-cv-01125-AG-MLG |
| v. | |
| COUNTY OF ORANGE, a Governmental Entity; SANDRA HUTCHENS, individually; B. MURRAY, Deputy, individually; A. KIRK, Deputy, individually; D. LEATHERS, Deputy, individually; M. SALGADO, Deputy, individually; C. LAMBERTA, Deputy, individually, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted March 7, 2014
Pasadena, California

Before: PREGERSON, PAEZ, and N.R. SMITH, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Plaintiff Derek Salazar appeals the district court's order dismissing his Third Amended Complaint and denying leave to file a Fourth Amended Complaint under Fed. R. Civ. P. 12(b)(6). On appeal, however, Plaintiff only challenges the denial of leave to amend. Because the parties are familiar with the factual background and procedural history of this case, we need not discuss them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"Denial of leave to amend is reviewed for abuse of discretion . . . . [T]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) (internal citations and quotations omitted).

A complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint should "fully set[] forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery. It can be read in seconds and answered in minutes." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996); *see also Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1130 (9th Cir. 2008) (a complaint must "set forth . . . which causes of action are alleged against which [d]efendants").

As the district court correctly held, a fatal flaw in Plaintiff's Third Amended Complaint was that it "impermissibly lump[ed] together claims and defendants." This left "Defendants guessing [which] claim [wa]s brought against them."

Before affirming a district court's dismissal with prejudice, "we look to see whether the district court might have adopted less drastic alternatives." *McHenry*, 84 F.3d at 1178 (citation omitted). "[P]ermitting plaintiffs to replead twice" is a less drastic alternative. *Id.*

Here, the district court permitted Plaintiff to replead twice. As the district court noted, it "spent a substantial amount of time drafting [its orders], taking care to inform Plaintiff of the [complaints'] deficiencies so that he could properly amend. That effort was wasted." In light of all the circumstances surrounding the filing of the Third Amended Complaint, the district court did not abuse its discretion in dismissing the compliant without leave to amend.

**AFFIRMED**.