
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CALIFORNIA COALITION FOR FAMILIES AND CHILDREN and COLBERN C. STUART, III,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>SAN DIEGO COUNTY BAR ASSOCIATION; et al.,<br><br>Defendants - Appellees. | No. 14-56140<br><br>D.C. No. 3:13-cv-01944-CAB-JLB<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted May 4, 2016**
Pasadena, California

Before: PREGERSON, BYBEE, and N.R. SMITH, Circuit Judges.

Plaintiffs Colbern Stuart and California Coalition for Families and Children

appeal the district court's dismissal of plaintiffs' first amended complaint ("FAC")

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

with prejudice for failure to comply with Federal Rule of Civil Procedure 8's ("Rule 8") requirement of a short and plain statement.

This case involves plaintiffs' suit against 49 defendants, including judges, lawyers, law firms, psychologists, social workers, and various state and municipal entities, for claims arising under civil rights and racketeering statutes. The claims are based on events related to Stuart's divorce proceedings, including his criminal prosecution for misdemeanor harassment for sending his former wife threatening letters by email, and Stuart's conduct at a San Diego County Bar Association seminar entitled "Litigants Behaving Badly—Do Professional Services Really Work?"

Plaintiffs initially filed a 175-page complaint with 1156 attached pages of exhibits. The district court dismissed the complaint with leave to amend, finding that the complaint did not comply with Rule 8 and instructing plaintiffs to limit the length of the amended complaint to 30 pages. Plaintiffs then filed the FAC, which totaled 251 pages with 1397 attached pages of exhibits. The district court

dismissed the FAC with prejudice. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

We review a dismissal for failure to comply with Rule 8 for abuse of discretion. *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). We also review the denial of leave to amend a complaint for abuse of discretion. *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008).

Rule 8 requires that a complaint put forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each allegation in a complaint must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). This court has affirmed dismissal on Rule 8 grounds where the complaint is "argumentative, prolix, replete with redundancy, and largely irrelevant," *McHenry*, 84 F.3d at 1177, 1180, and where the complaint is "verbose, confusing and conclusory," *Nevijel v. North Coast Life Ins. Co.,* 651 F.2d 671, 674 (9th Cir. 1981). It is clear that the FAC did not comply with Rule 8. The FAC is voluminous at 251 pages and 1397 attached pages of exhibits. The claims are not stated in a "simple, concise, and direct" manner but are instead complicated,

---

[1] We DENY Appellants' October 22, 2014 Motion to Take Judicial Notice. We DENY Appellants' February 4, 2015 Motion for Miscellaneous Relief. We DENY Appellants' February 13, 2015 Motion to Strike Supplemental Excerpts of Record.

lengthy, and meandering. Thus, the district court did not abuse its discretion in finding that the FAC did not comport with Rule 8.

Plaintiffs repeatedly contend that the district court's dismissal under Rule 8 was *sua sponte*. To the contrary, Defendant San Diego County Bar Association's Memorandum of Points and Authorities in Support of Defendants' Omnibus Motion to Dismiss Plaintiffs' First Amended Complaint devotes six pages to the FAC's non-compliance with Rule 8. Clearly, dismissal of the FAC was not *sua sponte*.

A complaint which fails to comply with Rule 8 may be dismissed with prejudice under Federal Rule of Civil Procedure 41(b)[2] ("Rule 41(b)"). *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1129 (9th Cir. 2008). Factors to be weighed in considering dismissal under Rule 41(b) include: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic

---

[2] Rule 41(b) states: "If the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits."

alternatives." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (quotations omitted).

The district court considered the relevant factors for involuntary dismissal under Rule 41(b), despite plaintiffs' assertion otherwise. While it did not explicitly mention Rule 41(b), the court nonetheless weighed the factors and properly dismissed the FAC.

The district court's dismissal under Rule 8 with prejudice was also appropriate. Despite the court's warning to comply with Rule 8, plaintiffs submitted an FAC that was even longer than the original complaint: the FAC is 76 pages longer than the original complaint and contains 241 more pages of exhibits. Clearly, the plaintiffs flagrantly disregarded the district court's instruction to keep the FAC under 30 pages. "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint," *Ascon Props., Inc. v. Mobile Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989), and thus, dismissal of the FAC with prejudice in this case was proper.

We also affirm the district court's dismissal with prejudice of the judicial defendants and the Superior Court of California, County of San Diego. Plaintiffs brought claims against these defendants for acts performed arising out of their judicial function and they are thus entitled to judicial immunity. *Mireles v. Waco*,

502 U.S. 9, 11 (1991) (per curiam).  Additionally, we affirm the district court's dismissal with prejudice of plaintiffs' claims against the Commission on Judicial Performance and its representatives acting in their official capacity.  These defendants have quasi-judicial immunity because plaintiffs' complain of acts performed that had a "sufficiently close nexus to the adjudicative process." *Burton v. Infinity Capital Mgmt.*, 753 F.3d 954, 960 (9th Cir. 2014) (quoting *Curry v. Castillo (In re Castillo)*, 297 F.3d 940, 947 (9th Cir. 2002)).

AFFIRMED.