NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 3 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SUSAN MAE POLK, | No. 14-56884 |
| Plaintiff-Appellant, | D.C. No. 5:13-cv-01211-BRO |
| v. | |
| JEFFREY A. BEARD; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Submitted June 26, 2017**

Before: PAEZ, BEA, and MURGUIA, Circuit Judges.

California state prisoner Susan Mae Polk appeals pro se from the district

court's judgment dismissing for failure to comply with a court order her 42 U.S.C.

§ 1983 action alleging constitutional violations. We have jurisdiction under 28

U.S.C. § 1291. We review for an abuse of discretion. *McHenry v. Renne*, 84 F.3d

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1172, 1177 (9th Cir. 1996). We affirm.

The district court did not abuse its discretion by dismissing Polk's action because, after the magistrate judge identified the deficiencies in her prior complaints and provided two opportunities to amend, Polk's second amended complaint did not comply with the court's order directing her to file a complaint in compliance with Federal Rule of Civil Procedure 8(a). *See id.* (affirming dismissal under Rule 8 of plaintiff's complaint because it failed to set forth simple, concise and direct averments); *see also Hearns v. San Bernardino Police Dep't.*, 530 F.3d 1124, 1129 (9th Cir. 2008) (in deciding whether a district court abused its discretion by dismissing under Rule 41(b), "we must necessarily consider the legal question of whether the district court correctly dismissed without prejudice the original complaint on Rule 8 grounds"). Contrary to Polk's contentions, the magistrate judge considered each of the relevant factors, including the availability of less drastic sanctions, before recommending that the action be dismissed with prejudice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (setting forth factors to consider before dismissing an action for failure to comply with a court order).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Polk's motion to substitute appellee Beard is denied, because Polk sued

Beard in his official and individual capacities. *See* Fed. R. App. P. 43(c)(2).

**AFFIRMED.**