**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GARY P. SMITH, | No. 20-16591 |
| Plaintiff-Appellant, | D.C. No. 1:19-cv-00651-DAD-EPG |
| v. | |
| MUNICIPALITY OF FRESNO COUNTY; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted June 21, 2021[**]

Before:    SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

California state prisoner Gary P. Smith appeals pro se from the district

court's judgment in his 42 U.S.C. § 1983 action alleging various constitutional

claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

determination of whether the complaint failed to comply with the notice pleading

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

requirements of Federal Rule of Civil Procedure 8. *Pickern v. Pier 1 Imports (U.S.), Inc.,* 457 F.3d 963, 968 (9th Cir. 2006). We affirm in part, vacate in part, and remand.

Although Smith's operative fourth amended complaint contains substantial portions that fail to connect an allegation with any particular defendant in violation of Rules 8, 18, and 20, the complaint delineated with sufficient specificity and detail a claim alleging that defendants Bishop and Brockway were deliberately indifferent to Smith's safety. *See Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1132 (9th Cir. 2008) (remanding a Rule 8 dismissal after determining that, although the complaint contained excessive detail, it was intelligible and clearly delineated the claims and the relevant defendants, and noting that the district court could strike the surplusage from the complaint); *Wallis v. Baldwin*, 70 F.3d 1074, 1076-77 (9th Cir. 1995) (setting forth standards for an Eighth Amendment claim for harm suffered in prison). We vacate and remand for further proceedings with regards to defendants Brockway and Bishop consistent with this disposition.

To the extent Smith raises contentions in connection with his state habeas petition and his underlying criminal conviction, we do not consider such contentions because they are beyond the scope of this appeal.

Smith's motion for reconsideration (Docket Entry No. 14) and motion for appointment of counsel (Docket Entry No. 24) are denied.

**AFFIRMED in part, VACATED in part, and REMANDED.**