**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMY PRIEN, | No. 15-55919 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:05-cv-06977-RSWL-E |
| GROVER TRASK, et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, District Judge, Presiding

Submitted February 15, 2017[**]
Pasadena, California

Before: TALLMAN and N.R. SMITH, Circuit Judges; and MURPHY III,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Stephen Joseph Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

Amy Prien appeals the district court's order dismissing her case with prejudice for failure to prosecute. We have jurisdiction under 28 U.S.C. § 1291. We review a dismissal under Rule 41(b) for abuse of discretion. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1129 (9th Cir. 2008). "[W]e will overturn a dismissal sanction only if we have a definite and firm conviction that it was clearly outside the acceptable range of sanctions." *Allen v. Bayer Corp. (In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. USPS*, 833 F.2d 128, 130 (9th Cir. 1987)). And, "we consider only the district court record on appeal." *Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003).

In its dismissal order, the district court properly applied our circuit's five-factor test for determining whether dismissal is appropriate. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642–43 (9th Cir. 2002). Because we give deference to the district court's determination that a delay interferes with docket management and undermines the public's interest in expeditious resolution, we conclude that Prien's seven-year delay and repeated violations of court orders supported the court's determination on those factors. *See Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1451–52 (9th Cir. 1994). "Unreasonable delay creates a presumption of injury to the defense." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). It was reasonable for the district court to determine that faded memories and stale evidence resulting from the

delay would prejudice the defendants. The district court considered less drastic alternatives when it warned Prien of the possibility of dismissal and gave her two opportunities to respond. *See Phenylpropanolamine*, 460 F.3d at 1229. But Prien failed to move the case forward, in repeated violation of a court order. The district court reasonably determined that the public interest in judicial economy outweighed the interest in resolving the case on its merits. *Cf. Eisen*, 31 F.3d at 1454 (concluding that delay and prejudice outweighed interest in resolution on the merits).

The district court did not abuse its discretion in dismissing the case with prejudice.

Appellant shall bear all costs of appeal. *See* Fed. R. App. P. 39(a)(2).

**AFFIRMED.**