**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1182
_____

CHAULA S. BHATT,
                                        Appellant

v.

JOHN J. HOFFMAN, Former NJ AG; AT&T INC, And Nationwide AT&T
Subsidiaries; ATTORNEY DENNIS M. GALVIN, Glenwood Attorney;
PLANET ASSOCIATES INC., NJ; COLLABERA INC., NJ; AFFILIATES
OF AT&T; MICHAEL CHIRICO, HR Director; STEPHANIE SERPICO,
HR Associate; CHRISTOPHER HEALY, VP Planet Associates, Inc.; EDWARD
AMOROSO, AT&T SVP; MICHAEL ZINNIKAS, AT&T Director; PETER
WARSHAW, Former Prosecutor; PAULA DOW, Former NJ AG; PERTH
AMBOY MUNICIPALITY; PERTH AMBOY MAYOR; EMERY TOTH,
Perth Amboy Magistrate; DET. M. VALERA; PERTH AMBOY UNKNOWN
LIEUTENANT; MIDDLESEX COUNTY PROBATION CHIEF; MIDDLETOWN
MUNICIPALITY; MIDDLETOWN MAYOR; MIDDLETOWN PROSECUTORS;
MAYOR GERALD SCHARFENBERGER; MAGISTRATE RICHARD B.
THOMPSON; CHRISTOPHER PORRINO, New Jersey Current AG; ANDREW
CUREY, Middlesex County Prosecutor; CHRISTOPHER G., Monmouth County
Prosecutor; PROSECUTOR EMILY CARTMELL; NAMED MONMOUTH
COUNTY PROSECUTORS; PROSECUTOR NICOLE WALLACE; MS.
SUE KENT; GRACE H. PARK, Union County Prosecutor; KYLE LOSCASIO,
Middlesex Probation Officer; ALL DEFENDANTS TO CLAIM 9 TO THIS
SUIT; MIDDLESEX COUNTY CORRECTIONAL INSTITUTE;
NAMED MCCI DEFENDANTS; MRS. HUTTONLOCH, MCCI
Guard; NJ COMMISSIONER OF CORRECTION; COMMISSIONER OF
DMV-NJ; KEY AUTO BODY SHOP; AL'S TOWING, INC.; RICK FUENTES,
NJ Police Chief; ALDERCREST INC; GLENWOOD APARTMENTS & COUNTY
CLUB; OLD BRIDGE MUNICIPALITY; MAYOR HENRY OWEN;
UNKNOWN OLD BRIDGE MAGISTRATE; ALL CAR TOWING, INC.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-15-cv-00005)
District Judge:  Honorable Peter G. Sheridan
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 3, 2017
Before:  SHWARTZ, KRAUSE and RENDELL, Circuit Judges

(Opinion filed: November 7, 2017)
_____

OPINION[*]
_____

PER CURIAM

Chaula S. Bhatt appeals from the order of the District Court dismissing her amended complaint.  We will vacate and remand for further proceedings.

I.

Bhatt formerly worked in some capacity for AT&T, Inc.  She initiated this action against AT&T and 10 other defendants by filing pro se a 112-page complaint (exclusive of exhibits) asserting 75 claims.  She alleged, among other things, that AT&T wrongfully terminated her and then conspired with numerous other defendants to subject her to wrongful criminal prosecutions and deprive her of other employment opportunities.

Bhatt filed her complaint in forma pauperis, so the District Court screened it before service of process pursuant to 28 U.S.C. § 1915(e)(2)(B).  The District Court then dismissed it without prejudice and with leave to amend for failure to comply with the

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

pleading requirements of Fed. R. Civ. P. 8(a). In doing so, the District Court briefly set forth the requirements of Rule 8(a), but it did not explain why it deemed Bhatt's complaint deficient or otherwise provide her with any guidance on how she could amend.

Bhatt initially did not file an amended complaint. Instead, she later filed a motion for leave to file an untimely amendment on the ground that she never received the District Court's order. Bhatt's action was assigned to the Honorable Peter G. Sheridan, who held a hearing on Bhatt's motion. At that hearing, Judge Sheridan advised Bhatt that, "due to some personal issues, I have a conflict of interest with [defendant] Attorney General Hoffman. So, as a result, I can't make a ruling on your case right now, I need to forward this to another judge to make a decision." (ECF No. 23 at 5.) Judge Sheridan also stated that "I've recused myself." (Id.) According to Bhatt, however, Judge Sheridan later informed her that he was not "allowed" to recuse himself after taking a telephone call. The transcript of the hearing does not reflect that development.

In any event, Judge Sheridan did not recuse himself and instead granted Bhatt's motion and continued to preside over this case. A Magistrate Judge later directed Bhatt to file an amended complaint, which Bhatt did.[1] Bhatt's amended complaint is 75 pages

---

[1] Shortly before filing her amended complaint, she also filed a virtually identical complaint at D.N.J. Civ. No. 3-16-cv-03715, which remains pending. That action has been assigned to three different District Judges and is currently assigned to the Honorable Michael A. Shipp. One of his predecessor judges permitted service of the complaint before screening. In response, one defendant filed an answer and five defendants or groups of defendants filed motions to dismiss. Bhatt responded by filing an amended complaint, which mooted those filings. Judge Shipp has indicated that he will not permit service of the amended complaint, and that defendants thus need not respond, before he screens it.

long (exclusive of exhibits).  This time, she named 28 defendants and asserted 21 separate claims.  Judge Sheridan screened the amended complaint and dismissed that complaint too for failure to comply with Rule 8(a), this time with prejudice.

Bhatt filed a notice of appeal and, believing that her notice was untimely, a motion to extend or reopen the time to appeal under Fed. R. App. P. 4(a)(5) and 4(a)(6).  She also filed a motion to disqualify Judge Sheridan.  Judge Sheridan granted Bhatt's motion to extend or reopen the time to appeal but denied her motion for disqualification.  In doing so, Judge Sheridan wrote that Bhatt's motion for disqualification was "denied in part," but he provided no explanation.  (It is possible that Judge Sheridan provided some explanation during a proceeding that he conducted that same day, but the proceeding has not been transcribed.)  Our Clerk stayed this appeal pending the District Court's ruling on Bhatt's Rule 4(a)(5)/4(a)(6) motion, and this appeal is now ripe for disposition.

## II.

Bhatt's notice of appeal is timely,[2] and we have jurisdiction under 28 U.S.C. § 1291.  We review the dismissal of a complaint under Rule 8 for abuse of discretion.  See

---

[2] The District Court dismissed Bhatt's amended complaint by order docketed December 14, 2016.  That order does not comply with the separate document rule because it includes both a recitation of the background and the District Court's reasoning.  See In re Cendant Corp. Sec. Litig., 454 F.3d 235, 242-44 (3d Cir. 2006).  Thus, the order was not deemed entered until 150 days later, or on May 15, 2017 (May 13 being a Saturday).  See Fed. R. App. P. 4(a)(7)(A)(ii).  Bhatt filed her notice of appeal before that on January 20, 2017, and it was effective then.  See Fed. R. App. P. 4(a)(7)(B).  Bhatt thus did not require relief from the deadline to appeal.  Even if she did, her appeal would be timely because the District Court's order granting such relief complied with the applicable time limitations.  See Bowles v. Russell, 551 U.S. 205, 213 (2007).

In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996).  Bhatt argues that the District Court abused its discretion in this case.  We are constrained to agree.

Rule 8 requires, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  Thus, dismissal for violation of Rule 8 "is usually confined to instances in which the complaint is so verbose, confused and redundant that its true substance, if any, is well disguised."  Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008) (quotation marks omitted); see also Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995) (stating same).

In this case, although Bhatt's amended complaint is long and repetitive in some respects, it is clearly written, logically organized, and clearly reveals the nature of her claims.  See Hearns, 530 F.3d at 1132 (reversing Rule 8 dismissal of 81- and 61-page complaints for similar reasons).  Most of Bhatt's amended complaint, for example, consists of a section titled "causes of action."  (ECF No. 17 at 31-71.)  In that section, Bhatt separately labels her claims and, for the most part, clearly identifies them and the defendants to which they relate, often in only one or two pages per claim.

As for the claims themselves, Bhatt alleges that AT&T wrongfully terminated her employment after certain of its employees defamed and apparently discriminated against her.  She further alleges that AT&T then interfered with other employment opportunities and filed false criminal charges against her for terroristic threats and other crimes.  Those

5

charges resulted in at least one conviction, which Bhatt contends was wrongful. She also claims that, during this process, she was wrongfully arrested, subjected to illegal searches, maliciously prosecuted, unlawfully held without bail, assaulted in a correctional institution, and unlawfully transferred to a psychiatric facility where she was medicated against her will. She further claims that, as a result of this process, certain defendants confiscated two of her cars and personal property contained in her apartment, which she characterizes as a taking without compensation. Bhatt raises some other claims as well.

We express no opinion on the merits of these claims except to note that, while some of them appear delusional and suffer from obvious defects, others do not or conceivably could be cured by amendment. For Rule 8 purposes, however, Bhatt's amended complaint provides sufficient notice of these claims. Indeed, in Bhatt's action at D.N.J. Civ. No. 3-16-cv-03715, six defendants or groups of defendants were able to answer or move to dismiss her virtually identical complaint. (D.N.J. Civ. No. 3-16-cv-03715, ECF Nos. 27, 44, 48, 50, 60, 64.) Although some of those defendants invoked Rule 8, all of them were able to identify and assert defenses to Bhatt's claims against them. These responses further suggest that her amended complaint in this action provided sufficient notice of her claims. See Simmons, 49 F.3d at 88.

In concluding otherwise, the District Court did not identify any of Bhatt's claims. The District Court should have done so before dismissing Bhatt's amended complaint with prejudice, particularly in light of her pro se status. See Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004); Simmons, 49 F.3d at 87. Instead, the District Court noted the length of the amended complaint, identified some of the defendants, and wrote that "this

6

Court cannot determine how all of these parties are realistically related to a single nucleus of facts." (ECF No. 19 at 3.)  This statement suggests a concern with the possible misjoinder of claims or parties under Fed. R. Civ. P. 18 and 20, which the District Court is free to address on remand.  It does not, however, state a basis to dismiss the amended complaint for failure to comply with Rule 8.

Neither does the length of the amended complaint.  As other courts have recognized, "verbosity or length is not by itself a basis for dismissing a complaint based on Rule 8(a)."  Hearns, 530 F.3d at 1131 (collecting cases); cf. In re Westinghouse, 90 F.3d at 703 (affirming dismissal without prejudice of an "unnecessarily complicated and verbose" 240-page counseled complaint that plaintiffs had failed to sufficiently narrow through "two rounds of difficult motions").  To the contrary, "Rule 8(a)(2) speaks of a short and plain statement of each claim, not a short and plain pleading.  Hence, in the context of a multiparty, multiclaim complaint each claim should be stated as succinctly and plainly as possible even though the entire pleading may prove to be long and complicated by virtue of the number of parties and claims."  5 Charles Alan Wright et al., Federal Practice and Procedure § 1217 (3d ed. 2017).  Bhatt's amended complaint, though long and complex, is clear enough to provide notice of her claims.  Thus, the District Court should not have dismissed it under Rule 8.

Three final issues warrant discussion.  First, Bhatt argues that Judge Sheridan should have recused himself from this proceeding.  She has not appealed from Judge Sheridan's denial "in part" of her post-judgment recusal motion and we do not have a basis to direct the assignment of this matter to a different District Judge on remand

without knowing Judge Sheridan's reasons for ultimately declining to recuse himself. We trust, however, that Judge Sheridan will address this issue if warranted on remand.

Second, and as previously noted, Bhatt's virtually identical action at D.N.J. Civ. No. 3-16-cv-03715 remains pending before a different District Judge, who is screening Bhatt's amended complaint before service of process. Given the similarity between the two actions, the District Court may wish to consolidate them.

Finally, although we conclude that Bhatt's amended complaint is sufficient under Rule 8, we are cognizant of the challenges that complaints of this kind pose both to the defendants and the District Court. The District Court has certain remedial tools at its disposal, such as striking surplusage from the complaint or excusing defendants from answering surplus paragraphs or paragraphs that do not apply to them. See Hearns, 530 F.3d at 1132. We also reiterate that we express no opinion on the merits of Bhatt's amended complaint and that nothing said herein would preclude the District Court, either on screening under 28 U.S.C. § 1915(e)(2)(B) or on motions of the defendants, from dismissing any claims that are subject to dismissal.

## III.

For these reasons, we will vacate the judgment of the District Court and remand for further proceedings. Bhatt's request in her brief that we waive the District Court's PACER fees is denied.[3]

---

[3] Bhatt filed a motion for waiver of the PACER fees in D.N.J. Civ. No. 3-16-cv-03715, and the District Court denied it. That ruling is beyond the scope of this appeal, and we decline to construe Bhatt's request as a mandamus petition.