**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2679
_____

NEIL ANAND, M.D., on behalf of himself
Appellant

v.

INDEPENDENCE BLUE CROSS
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-20-cv-6246)
District Judge: Honorable Chad F. Kenney

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on June 8, 2022

Before: KRAUSE, BIBAS, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: June 29, 2022)

_____

## OPINION[*]

PER CURIAM

Neil Anand, M.D., appeals from an order of the District Court sua sponte dismissing his second amended complaint with prejudice for failure to comply with Fed. R. Civ. P. 8. He challenges some of the court's previous rulings as well. We will affirm in part, vacate in part, and remand for further proceedings.

## I.

Anand is an anesthesiologist who entered into a Provider Agreement with Independence Blue Cross, LLC ("IBX"). Anand filed suit pro se against IBX in Pennsylvania state court asserting both federal and state-law claims. IBX removed the suit to federal court, and Anand later filed pro se a 181-page amended complaint. In that complaint, Anand asserted a breach of contract claim alleging that IBX breached the Provider Agreement in numerous ways, including by failing to pay for medically necessary treatment. Anand also asserted 63 other state and federal claims.

IBX did not argue that the amended complaint violated Rule 8, and it did not claim to require a more definite statement before responding. Instead, it filed a motion to dismiss portions of the amended complaint on two other grounds. First, IBX moved under Fed. R. Civ. P. 12(b)(1) to dismiss for lack of standing claims that Anand asserted pro se on behalf

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

of various entities. Second, IBX moved under Fed. R. Civ. P. 12(b)(6) to dismiss for failure to state a claim most—but not all—of Anand's personal claims.

The District Court scheduled oral argument and sua sponte directed Anand to address whether his amended complaint complied with Rule 8. After argument, the court entered a three-part order. First, the court sua sponte dismissed Anand's entire amended complaint for failure to comply with Rule 8, but it did so without prejudice and with leave to further amend. Second, the court granted IBX's Rule 12(b)(1) motion and dismissed claims that Anand asserted on behalf of his entities. Third, the court dismissed 32 of Anand's claims under Rule 12(b)(6), some with prejudice and some without. The court declined to address the other claims on which IBX sought dismissal but stated that it would consider those claims if Anand filed a second amended complaint in compliance with Rule 8 and if IBX moved to dismiss that complaint too.

Anand then filed a second amended complaint, which is titled and docketed as a "third amended complaint" at ECF No. 48. Anand reduced the number of his claims to 41, but the complaint as a whole grew to 188 pages. Three days later, the District Court sua sponte dismissed that complaint too for failure to comply with Rule 8. In doing so, the court concluded that the differences between the amended and second amended complaints were "immaterial" for Rule 8 purposes and that the second amended complaint was subject to dismissal for the same reasons. This time, however, the court dismissed the second amended complaint with prejudice. Anand appeals pro se. We have jurisdiction under 28 U.S.C. § 1291.

II.

3

Anand's primary argument on appeal is that the District Court erred in dismissing his second amended complaint for failure to comply with Rule 8. In evaluating this argument, we review the dismissal of both Anand's amended complaint and his second amended complaint. See Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1129 (9th Cir. 2008); In re Westinghouse Sec. Litig., 90 F.3d 696, 702-04, 706 (3d Cir. 1996). We do so for abuse of discretion. See Garrett v. Wexford Health, 938 F.3d 69, 91 (3d Cir. 2019). "[I]t is an abuse of discretion to dismiss an entire complaint if it contains some claims that satisfy Rule 8." Id. Such is the case here.

We begin with Anand's amended complaint. Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of these requirements is to "provide fair notice of what the . . . claim is and the grounds upon which it rests." Garrett, 938 F.3d at 92 (ellipses in original) (quotation marks omitted). We apply this standard more leniently for pro se litigants. See id.

Anand's amended complaint provided fair notice of at least some of his claims. In concluding otherwise, the District Court reasoned that the complaint was too long and included conclusory allegations and irrelevant detail. We agree, but "verbosity or length is not by itself a basis for dismissing a complaint based on Rule 8(a)." Hearns, 530 F.3d at 1131; cf. Westinghouse, 90 F.3d at 703 (affirming dismissal of counseled 240-page complaint that counsel failed to narrow following "two rounds of difficult motions"). Neither is the inclusion of "repetitious and irrelevant matter." Garrett, 938 F.3d at 94 (quotation marks omitted). Instead, the touchstone is notice. See id. at 92. Thus, dismissal for failure to comply with Rule 8 "is usually reserved for those cases in which the complaint is so confused,

4

ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. at 94 (quotation marks omitted).

This is not such a case. For the most part, Anand's amended complaint is clearly written and reveals the nature of his claims (albeit a great many of them).[1] Indeed, the length of the amended complaint is partly a function of the number of claims asserted. See Ciralsky v. CIA, 355 F.3d 661, 670 (D.C. Cir. 2004). Anand may have asserted far more claims than a trained lawyer would have asserted, and many of those claims may be legally deficient, but his amended complaint gave IBX fair notice of at least some of those claims. IBX itself has not argued otherwise. To the contrary, IBX's ability to identify and respond to many of Anand's claims in its Rule 12(b)(6) motion shows that it had notice of those claims. See Garrett, 938 F.3d at 94. Equally telling is IBX's identification in that motion of claims that it did not move to dismiss.

Thus, the District Court should not have dismissed Anand's entire amended complaint without prejudice for failure to comply with Rule 8. It follows that the court should not have taken the more drastic step of dismissing the second amended complaint with prejudice. Courts may dismiss a complaint under Fed. R. Civ. P. 41(b) as a sanction for failure to comply with Rule 8, see Hearns, 530 F.3d at 1129, but dismissal with prejudice is an "extreme" and "drastic" sanction of last resort. Hildebrand v. Allegheny County, 923 F.3d 128, 132 (3d Cir. 2019) (quotation marks omitted). Before taking that step, courts typically

---

[1] To take one example, Anand alleged that IBC breached the Provider Agreement by failing to pay for medically necessary treatment and then terminating the agreement in response to Anand's advocacy for such treatment on behalf of patients he identifies as K.T. and W.S. (ECF No. 22 ¶¶ 2, 16, 58-59, 96-103, 229, 232-35.) We express no opinion on the merits of these claims or any other not specifically addressed herein.

must consider several factors, including the merits of the plaintiff's claims and the effectiveness of less drastic alternatives. See id.; cf. Westinghouse, 90 F.3d at 703-04 (affirming dismissal with prejudice where plaintiffs refused to file an amended complaint).[2] In the Rule 8 context, such alternatives include striking surplusage or excusing the defendant from answering it. See Hearns, 530 F.3d at 1132. And IBX, of course, need not answer any claims that are dismissed under Rule 12(b)(6). The District Court already has dismissed 32 claims under Rule 12(b)(6), and IBX moved for dismissal of others. Nothing herein prevents the court from further narrowing Anand's claims under Rule 12(b)(6) if warranted in the future.

In sum, we agree with the District Court that Anand's complaints are a far cry from the simple notice pleading contemplated by Rule 8, and we appreciate the burden that such complaints place on courts and defendants alike. Ultimately, however, Anand's complaints provided fair notice of at least some of his claims and thus were not subject to dismissal in their entirety for failure to comply with Rule 8.

### III.

Anand's other arguments lack merit. We address two of them. First, Anand argues that the District Court erred in dismissing certain of his federal claims under Rule 12(b)(6). He argues, for example, that the court erred in dismissing federal claims that he asserted under 42 U.S.C. § 1983 and various provisions of the Constitution. We will review the dismissal

---

[2] Unlike the plaintiffs in Westinghouse, Anand did not refuse to proceed with the case after the court's initial Rule 8 dismissal and instead filed his second amended complaint. Anand asserted therein that he had attempted to comply with the court's directives. Leaving aside the merits and bona fides of that assertion (which the court did not address), Anand's filing of the second amended complaint does not represent the kind of outright refusal to proceed that might have warranted dismissal with prejudice without consideration of the factors summarized above.

of these claims, even though Anand did not reassert them in his second amended complaint, because the District Court previously dismissed them with prejudice. See Estate of Roman v. City of Newark, 914 F.3d 789, 803 (3d Cir. 2019). The court dismissed these claims on the ground that IBX is not a state actor. See Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009). The court thoroughly explained its reasons for that ruling, but Anand does not meaningfully challenge those reasons on appeal. In any event, we agree that IBX's alleged conduct cannot be attributed to the state and will affirm the dismissal of these claims for the reasons that the court explained. We also will affirm as to all other federal claims that the court dismissed under Rule 12(b)(6).[3]

Second, Anand argues that the court erred in denying his motion to sever his state-law claims and remand them to state court. We disagree. Anand relies on a statute that requires severance and remand of "a claim not within the original or supplemental jurisdiction of the district court." 28 U.S.C. § 1441(c)(1)(B). Anand argues that his state-law claims were not within supplemental jurisdiction of the District Court for several reasons, including that they raise novel issues of state law. See 28 U.S.C. § 1367(c). But those are reasons why a court might decline to exercise supplemental jurisdiction. See id. They do not mean that the court lacked such jurisdiction.

The court went on to exercise supplemental jurisdiction when it dismissed some of Anand's state-law claims under Rule 12(b)(6). Anand's specific challenges to that exercise

---

[3] Anand mentions the Rule 12(b)(6) dismissal of his federal claims under ERISA, RICO, the Sherman Act, and the Controlled Substances Act. Anand has forfeited appellate review of his ERISA claim because he did not replead it in his second amended complaint after the court dismissed it without prejudice. See Estate of Roman, 914 F.3d at 803. In any event, Anand has not meaningfully challenged the dismissal of these claims either.

of jurisdiction lack merit. Nevertheless, the court's exercise of supplemental jurisdiction in this case may be inconsistent with its dismissal of Anand's entire amended complaint under Rule 8 because the exercise of supplemental jurisdiction requires courts to identify a plaintiff's state and federal claims with enough particularity to determine that they "form part of the same case or controversy." 28 U.S.C. § 1367(a). Thus, we will vacate the Rule 12(b)(6) dismissal of Anand's state-law claims so that the court can reconsider its exercise of supplemental jurisdiction as may be appropriate on remand.[4]

## IV.

For these reasons, we will vacate the District Court's orders (1) dismissing Anand's amended and second amended complaints under Rule 8, and (2) dismissing Anand's state-law claims under Rule 12(b)(6). We will otherwise affirm. Anand's motion for correction or modification of the record is denied.[5]

---

[4] We express no opinion on the merits of these state-law claims or the court's reasons for dismissing them. Thus, our ruling does not prevent the court from relying on its previous analysis if it again reaches these claims in the future. Our ruling also does not prevent the court from reconsidering its decision to exercise supplemental jurisdiction over Anand's state-law claims if, for example, his remaining federal claims are subject to dismissal. See 28 U.S.C. § 1367(c)(3). We express no opinion on that issue either.

[5] Anand asks to supplement the record with information he expects to obtain in a separate lawsuit. He has not shown any basis for supplementing the record on appeal. He asks in the alternative that we remand for further amendment of his complaint. The District Court can consider allowing Anand to file an all-inclusive amended complaint on remand.